UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RITA TAYLOR and JOHN S. TAYLOR | CIVIL ACTION |
| VERSUS | NO. 06-2609 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiffs' motion for summary judgment. The plaintiffs allege that the defendant failed to respond timely to their requests for admissions of fact; therefore, the plaintiffs argue that they are entitled to a finding of insurance coverage and liability against State Farm, as well as a finding of liability under statutory penalties for bad-faith claims-handling. For the reasons stated below, the motion is DENIED.

Background

The Taylors' home was damaged by Hurricane Katrina on August 29, 2005. They filed a claim under their State Farm homeowners' policy, but State Farm denied their claim, stating that the damage to their residence was due to a combination of wind and water which is not covered by the policy. On April 13, 2006, the Taylors sued State Farm in state court for breach of contract and bad-faith claims-handling. At the same time, interrogatories, requests for

1

production, and requests for admissions of fact were filed into the record.  The complaint as well as the discovery requests were served upon State Farm on April 25, 2006.

Louisiana state law states that a defendant shall not be required to serve answers or objections before the expiration of thirty days after the service of the petition.  LA. CODE CIV. PROC. ANN. art. 1467 (2005).  Thus, State Farm's responses to the Taylors' requests for admissions of fact were not due until May 25, 2006 under state law.  On May 4, the parties agreed to an extension of thirty days in which to file responsive pleadings.

On May 18, State Farm removed the case to this Court and the case became subject to the Federal Rules of Civil Procedure.  On June 8, the parties again agreed to an extension of time to file responsive pleadings, extending the deadline to June 12.  State Farm filed an answer to the complaint on June 15, and responded to the Taylors' requests for production and admissions of fact on July 31, 2006.  Since that time, the Taylors have not conducted further discovery.

The Taylors now argue, eight months later, that State Farm's failure to respond to the requests for admissions of fact within thirty days of the June 12 deadline means that, under Rule 36(a) of the Federal Rules of Civil Procedure, State Farm has admitted to the facts as described by the plaintiffs.  State Farm argues that the Taylors' requests were premature under Rule 26(d), and that its

responsive pleadings are nonetheless timely under Rule 36 which prohibits a party from seeking discovery from any source before the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure.[1]

I.

The Taylors' requests for admissions may have been untimely under the Federal Rules of Civil Procedure because they were served prior to the parties conferring under Rule 26(f).  But at the time the Taylors served their requests, this case was in state court and not subject to the Federal Rules.  The case became subject to the Federal Rules at the time of removal to this Court on May 18, 2006, and, by that time, the parties had entered into an agreement to exchange initial disclosures and pleadings even though they had not conferred, which is allowed under Rule 26(d).  The final agreement between the parties designated June 12 as the deadline for

---

[1]  Rule 26(d) states, "Except in categories of proceedings exempted from initial disclosures under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Due to the volume of cases, the resulting scheduling difficulties, and in the interest of resolving cases efficiently and timely, the Court issued a case management Order on February 9, 2007, instructing all parties involved in cases arising from Hurricane Katrina to exchange Rule 26 disclosures as soon as possible without waiting for the Court to schedule a Rule 16 meeting between the parties.  This case management Order was not in effect at the time that this case started, but the case is subject to that Order and to subsequent case management orders that will follow.

submitting responsive pleadings.  Under Rule 36(a), a request for admission is deemed admitted unless the party to which the request is directed responds within thirty days.  The Taylors' requests were, then, technically admitted when State Farm failed to respond by July 12, 2006.

II.

An admission resulting from the failure to respond cannot be amended or withdrawn except by leave of court after a noticed motion.  See FED. R. CIV. P. 36(b); see also Ordoyne v. McDermott, Inc., 2000 WL 964912 (E.D. La. July 11, 2000)(Clement, J.)(citing 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985)).  "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment:  1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case."  In re Carney, 258 F.3d 415, 419 (5th Cir. 2001); see also Raspino v. JRL Enters., Inc., 2002 WL 465179 (E.D. La. March 25, 2002)(Barbier, J.).

It is clear that allowing State Farm to withdraw its admissions will assist in the presentation of the merits. Further, the Taylors will not be prejudiced by having to prove the previously admitted fact.  The Taylors have not demonstrated that they will experience any increased difficulty, a requirement to

4

show prejudice.  See Ordoyne, 2000 WL 964912, at *2.  In fact, the Taylors have not conducted any discovery since their initial requests, and the trial date has recently been continued without date due to the Taylors' counsel inability to attend the previously scheduled pretrial conference.  Ample time exists for discovery to be completed and for the Taylors to prove their case.  This record hardly compels the kind of technical penalty plaintiffs urge.

The facts in this case meet the criteria of Rule 36(b) for granting withdrawal.  Further, "there are constitutional limitations upon the power of courts to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause."  Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 209 (1958).  The refusal to allow withdrawal of State Farm's admissions would equal a dismissal of the case without any consideration of the merits.  Therefore, the Court will allow State Farm to substitute its admissions with its responses of July 31, 2006.

Accordingly, the Taylors' motion for summary judgment is DENIED.

New Orleans, Louisiana, April 10, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE