UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RITA L. TAYLOR and JOHN S. TAYLOR                CIVIL ACTION

v.                                                NO. 06-2609

STATE FARM FIRE AND CASUALTY COMPANY              SECTION "F"


ORDER AND REASONS

Before the Court is Antonio LeMon's motion for reconsideration of the Court's sanction. Antonio LeMon serves as counsel for the plaintiffs. For the reasons that follow, the motion is DENIED.

The facts of this case are outlined in the Court's Order of March 23, 2007, in which the Court granted the plaintiffs' motion for a continuance of the pretrial conference and trial date, but sanctioned counsel for disregarding and disrupting the trial schedule. Counsel now moves the Court to reconsider this sanction, arguing that the Court did not consider all of the facts in the matter, which he now presents.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment.

1

Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (en banc).  On March 23, 2007, the Court granted the plaintiff's motion to remand but imposed a sanction.  The order was entered into the record on the same day.  The plaintiff filed this motion on March 27.  Because the present motion for reconsideration was filed within ten days of entry of the Court's Order and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).  See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an

"extraordinary remedy." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

In granting a continuance and imposing a sanction, this Court acted upon the information that had been presented to the Court by counsel. Counsel now requests that this Court re-evaluate its decision to include a sanction in its granting of the continuance, stating that the Court did not have full information of the extenuating circumstances surrounding the motion to continue. While counsel may disagree with this Court's finding, the information that counsel now presents was, in fact, available at the time of the motion and could have been presented with the motion. Counsel raises no new arguments.

Accordingly,

IT IS ORDERED: that counsel's motion for reconsideration is DENIED and the sanction stands.

New Orleans, Louisiana, April 25, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3