**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

RITA TAYLOR ET AL.                          CIVIL ACTION

VERSUS                                      NO. 06-2609

STATE FARM FIRE AND CASUALTY COMPANY        SECTION "F"

ORDER AND REASONS

Before the Court is State Farm's motion for partial summary judgment. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

Background

The plaintiffs' home and contents were completely destroyed during Hurricane Katrina. They filed a claim under their State Farm homeowner's policy in September 2005. State Farm informed the plaintiffs by letter dated January 27, 2006 that their losses were not covered under the policy because they were caused by flood water, an excluded peril. The plaintiffs sued State Farm in state court on April 13, 2006 for relief under the insurance contract. The plaintiffs' petition also seeks fifty-percent statutory penalties and attorneys' fees under La. Rev. Stat. § 22:1220 and § 22:658, as amended in June 2006.

State Farm removed the case on May 19, 2006 under 28 U.S.C.

1

§ 1332 and now moves for summary judgment on the plaintiffs' claim for statutory penalties and fees. State Farm asserts that it inspected the Taylors' property twice before denying their claim, and both inspections concluded that the loss was caused by flooding. State Farm argues that its investigation precludes a finding of § 22:658 and § 22:1220 liability for arbitrary and capricious claims handling. State Farm further argues that, to the extent § 22:658 applies, the plaintiffs' potential recovery is limited to a twenty-five percent penalty and no attorney's fees, because the plaintiffs' cause of action accrued before the Louisiana Legislature's amendment to § 22:658 took effect on August 15, 2006 (increasing maximum penalties from twenty-five percent to fifty percent and allowing recovery of attorney fees).

I.

Summary judgment is appropriate when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 586 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See <u>id</u>. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See <u>Donaghey v. Ocean Drilling &</u>

2

Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, it must come forward with competent evidence, such as affidavits or depositions, to buttress its claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

II.

Sections 22:658 and 22:1220 of the Louisiana Civil Code provide for statutory penalties when an insurer refuses in bad faith to pay a claim. See Reed v. State Farm, 857 So. 2d 1012, 1021 (La. App. 2nd Cir. 1996); Ferguson v. State Farm Ins. Co., 2007 WL 1378507 *4 (E.D. La. 2007). "Bad faith [constitutes] more than mere bad judgment or negligence; it implies a dishonest purpose or evil intent." Vaughn v. Franklin, 785 So. 2d 79, 86 (La. App. 1st Cir. 2001). When there is a serious dispute as to the nature and cause of an insurance claim, leaving the question of coverage in doubt, an insurer's refusal to pay is not considered to be arbitrary, capricious, or without probable cause. See Reed v. United States Fid. & Guar. Co., 302 So. 2d 354, 358 (La. App. 3rd Cir. 1974). That is true even if the insurer is subsequently found to be liable for the coverage in a lawsuit. Id.

3

State Farm contends that it denied the Taylors' claim based on a thorough investigation of their property damage. State Farm's adjuster, Tim Schwartz, inspected the site on October 28, 2006 and determined that the Taylors' house--which was built on nine-foot support piers, fifteen feet above sea level--was washed away by flood water. State Farm then referred the claim to HAAG Engineering for a second opinion. The written report prepared by HAAG states that flood water rose above the nine-foot support piers and likely submerged at least eight inches of the bottom floor of the Taylors' home: "Since the house was so well built," HAAG opined, "it probably resisted water flow into the house, causing the house to become like a boat." The upward force of buoyancy, in other words, ripped the house from its piers, and it floated away. State Farm asserts that these investigations, both of which concluded that flooding destroyed the home, preclude liability under Louisiana bad-faith statutes, and therefore summary judgment is appropriate.

However, the plaintiffs provide a rather substantial and wholly different account of the facts about State Farm's investigation. According to the Taylors' affidavit, when Mr. Schwartz inspected their property he told them that the home was almost certainly destroyed by "tornadic winds," not flood water. Schwartz allegedly based his conclusion on the condition and location of the roof and other nearby structures, the fact that leaves were stripped from the top of trees in the area, broken

4

glass and other evidence that the house "imploded," and the fact that the bolts that attached the house to the support piers were not bent upward. Schwartz reportedly told the Taylors that he "came from tornado alley" and that their property looked like a "typical tornado scene." The Taylors say that Schwartz later telephoned them to report that an eye-witness riding his bicycle in the area during the hurricane (who was identified) informed State Farm that the Taylors' home was totally destroyed before the flood water began to rise.[1]

In addition, the Taylors' affidavit states that when the HAAG Engineering inspector, C.S. Kilpatrick, visited the property in November 2005, he told them that "water had not done this" and that the damage was caused by a wind event. Upon reading the contrary conclusion in HAAG's written report, the Taylors telephoned Kilpatrick for an explanation. He allegedly acknowledged that the final report did not reflect his conclusions, and told them to "read between the lines"; Kilpatrick could say no more, or "they would have his head on a platter." The information in the Taylors' affidavit is patently sufficient to generate genuine issues of

---

[1] Entry number 18 on State Farm's "Activity Log" for the Taylors' insurance claim identified the name and policy number of a State Farm customer "who stayed in area during hurricane and rode his bike past [the Taylors'] house while the eye of the hurricane passed over." Debra Priest, the State Farm supervisor who denied the Taylors' claim, was deposed and testified that, apart from the brief entry in the Activity Log, she had no further information about what the witness observed.

material fact as to whether State Farm acted in bad faith. These are obvious and central trial-specific issues. Summary judgment is therefore not appropriate.

III.

State Farm also moves for summary judgment on the plaintiffs' claims for attorneys' fees and a fifty-percent penalty under § 22:658. In June 2006, the Louisiana Legislature amended § 22:658 and increased the penalties from twenty-five percent to fifty percent of the amount a claimant is owed, and added a provision for reasonable attorneys' fees and costs. These changes went into effect on August 15, 2006, and are not applied retroactively. See, e.g., Ferguson v. State Farm Ins. Co., 2007 WL 1378507 (E.D. La. 2007); Empire Inn, LLC v. State Farm Fire and Cas. Co., 2007 WL 2751203 (E.D. La. 2007); Weiss v. Allstate Ins. Co., 2007 WL 1017341 (E.D. La. 2007). State Farm  agues that, because the plaintiffs' cause of action arose before the 2006 amendment, their potential recovery is limited to the penalties in the previous version of the statute. The plaintiffs respond that State Farm's violation of § 22:658 is ongoing, and the current version of the statute should apply because State Farm has *never* adjusted their claim in good faith. The plaintiffs' theory of ongoing liability is not persuasive. An insured's cause of action--and, therefore, the right to recover under § 22:658--comes into existence when and if

the insurer fails to pay thirty days after receiving satisfactory proof of loss. See Best v. State Farm Fire and Cas. Co., 969 So. 2d 671 (La. App. 4th Cir. 2007). State Farm's failure to pay is not a continuing obligation that exposes it to liability pursuant to the amended version of § 22:658. Paulsen v. State Farm Ins. Co., 2008 WL 239785 *2 (E.D. La. 2008); McKenney v. Allstate Ins. Co., 2007 WL 1139601 *1 (E.D. La. 2007); Empire Inn, LLC v. State Farm Fire & Cas. Co., 2007 WL 2751203 *4 (E.D. La. 2007). The plaintiffs submitted their homeowner's claim to State Farm in September 2005. State Farm's investigation and denial of the claim all occurred on or before January 27, 2006. The pre-August 15, 2006 version of the statute applies.

Accordingly, IT IS ORDERED that the defendant's motion for summary judgment is GRANTED in part and DENIED in part.

New Orleans, Louisiana, February 27, 2008.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE